UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

01 - 1104

CASE NO.:

CIV-UNGARO-BENAGES

SIMON YOYOTTE,

MAGISTRATE JUDGE
BROWN

    Plaintiff,

vs.

AMERICAN AIRLINES, INC.,
a foreign corporation,

    Defendant.
_____/

## COMPLAINT

The Plaintiff, SIMON YOYOTTE brings this action against the Defendant, AMERICAN AIRLINES, INC., a Delaware corporation for damages and allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs, and this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. At all times material, SIMON YOYOTTE, was and is a citizen of Guadeloupe

3. At all times material hereto, Defendant, AMERICAN AIRLINES, INC., was and is a foreign corporation authorized and licensed to do business in the State of Florida.

4. At all times material hereto, Defendant, AMERICAN AIRLINES, INC., was and is a common carrier by air authorized to engage in commercial air transportation.

CASE NO.:
Page-2

5. On or about January 17, 1996, Defendant, AMERICAN AIRLINES, INC., owned and operated an A-300 Airbus aircraft.

6. On or about January 17, 1996, Defendant, AMERICAN AIRLINES, INC., operated said Airbus from Miami, Dade County, Florida to San Juan, Puerto Rico on Flight 869.

7. On or about January 17, 1996, Plaintiff, SIMON YOYOTTE, was a fare paying passenger on Defendant's AMERICAN AIRLINES, INC., Flight 869.

8. On or about January 17, 1996, while Defendant, AMERICAN AIRLINES, INC., was in the exclusive control of Flight 869, said flight departed from Miami International Airport, Miami, Dade County, Florida and proceeded to San Juan, Puerto Rico.

9. The Plaintiff, SIMON YOYOTTE is the proper party to bring this action pursuant to the Warsaw Convention, 49 U.S.C. § 40105.

## COUNT I: STRICT LIABILITY OF AMERICAN AIRLINES (WARSAW CONVENTION)

10. Plaintiff, SIMON YOYOTTE incorporate by reference all allegations of paragraphs 1-9 as though fully set forth herein.

11. At all times material, the provisions of the Warsaw Convention, 49 U.S.C. § 40105 were applicable to American Airlines Flight # 869 and the Plaintiff. Therefore, strict liability on the airline is assumed in exchange for a $75,000 cap on damages.

12. At all times material, Defendant, AMERICAN AIRLINES, purchased, operated, and transported fare-paying passengers in an aircraft designed, manufactured, and/or distributed by the foreign corporation of Airbus Industry, G.I.E., including the subject aircraft.

LAW OFFICES HAGGARD & PARKS, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

13. The subject aircraft was utilized by AMERICAN AIRLINES and offered to the consuming public without any substantial change in the condition from which it was designed, manufactured, distributed and sold to AMERICAN AIRLINES.

14. The subject aircraft was distributed and sold to AMERICAN AIRLINES in a defective and unreasonably dangerous condition due to defects and deficiencies in the design, manufacture, and/or assembly of said aircraft, thereby exposing paying passengers like the Plaintiffs to the risk of foreseeable harm. Specifically, the subject aircraft contained design and manufacturing deficiencies with respect to its structural integrity and ability to cope with adverse weather conditions.

15. On or about January 17, 1996, the subject aircraft was being operated by AMERICAN AIRLINES as Flight # 869 from Miami, Florida to San Juan, Puerto Rico and was being operated and used for the purpose and manner for which it was designed, manufactured, assembled and sold, and in a manner reasonably foreseeable to AMERICAN AIRLINES.

16. As a direct and proximate result of the dangerous and unsafe condition of the aircraft utilized and marketed by AMERICAN AIRLINES, the Plaintiff, SIMON YOYOTTE has suffered emotional and bodily injury, including, but not limited to: mental anguish, loss of capacity for the enjoyment of life, past and future medical expenses, past wage loss, impaired future earning capacity, and past and future pain and suffering, such damages being permanent and/or continuing in nature.

CASE NO.:
Page-4

WHEREFORE, Plaintiffs demand judgment against Defendant, AMERICAN AIRLINES, for compensatory damages in excess of $75,000, exclusive of interest and costs, together with what other relief this Court deems just and proper.

### CERTIFICATE OF SERVICE

We hereby certify that a true copy of the foregoing was mailed this 19th day of March, 2001, to all counsel on the attached Service List.

> HAGGARD & PARKS, P.A.
> Attorneys for Plaintiff
> 330 Alhambra Circle
> Coral Gables, Florida 33134
> Telephone: 305/446-5700
> Facsimile: 305/446-1154
>
> By _____
> ROBERT L. PARKS
> FBN: 061436
> MICHAEL A. HAGGARD
> FBN: 073776

CASE NO.:
Page-5

**SERVICE LIST**

**Emmet Schwartzman, Esquire**
**Karen Standford, Esquire**
Carlton, Fields, Ward,
Emmanuel, Smith & Cutler, P.A.
4000 NationsBank Tower
100 S.E. 2nd Street
Miami, Florida 33131-9101

**R. Eric Moore, Esq.**
2108 Company Street
P.O. Box 3086 Downtown Station
Christiansted, St. Croix
USVI 0822-3086

**Diego A. Ramos, Esquire**
Fiddler, Gonzalez & Rodriguez
254 Munoz Rivera Avenue
P.O. Box 363507
San Juan, PR 00936-3507

**Lee Rohn, Esquire**
Law Offices of Lee Rohn
1101 King Street, Suite 2
Christiansted, St. Croix
USVI 0822-3086

Julie Balentine
4301 North Ramsey road
D2 Coeur D'Alene
Idaho 83815

# CIVIL COVER SHEET

**01 - 1104**
**CIV UNGARO-BENAGES**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
SIMON YOYOTTE

## DEFENDANTS
AMERICAN AIRLINES, INC.
A FOREIGN CORPORATION

**MAGISTRATE JUDGE BROWN**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Guadeloupe
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Texas
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ADADE01C/1104/UUB/STB

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Haggard & Parks, P.A. 305/446-5700
330 Alhambra Circle, 1st Floor
Coral Gables, Fl. 33134

ATTORNEYS (IF KNOWN)
Carlton, Fields, et. al
100 S.E. 2nd Street
Miami, Fl. 33131-9101

(d) CIRCLE COUNTY WHERE ACTION AROSE:
(DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Jurisdiction is based upon diversity of citizenship 28 U.S.C.§ 1331 and 28 U.S.C. §1332.

IVa. _____ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- B ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS — PERSONAL INJURY**
- ☒ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- B ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- B ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- B ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- B ☐ 791 Empl. Ret. Inc Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS — Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- B ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $ excess of $75,000
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 3/19/01
SIGNATURE OF ATTORNEY OF RECORD: [signature]

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 838593   Amount: 150.00